# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM OFFUTT,**

    **Plaintiff,**

v.                                                                                  **Civil Action No. 5:07cv120**
                                                                                     **(Judge Stamp)**

**JIM RUBENSTEIN, Commissioner**
**West Virginia Division of Corrections,**
**RITA ALBURY, Inmate Movement**
**Coordinator, JOHN KING, Chief of**
**Operations Regional Jail Authority,**

    **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

On September 10, 2007, the *pro se* plaintiff executed a civil rights complaint against the above-named defendants. In the complaint, the plaintiff asserts that he is a West Virginia Division of Corrections ("WVDOC") inmate being housed by the Regional Jail Authority until he can be placed in a WVDOC facility. The plaintiff further asserts that suffers from a life-threatening heart condition that cannot be adequately treated by the Regional Jail Authority. Thus, the plaintiff requests to be moved from the Potomac Highlands Regional Jail to a Division of Corrections facility. On October 11, 2007, the plaintiff was granted permission to proceed as a pauper and was directed to pay an initial partial filing fee. The plaintiff paid the initial fee on October 22, 2007.

On October 25, 2007, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate at that time. Consequently, the defendants were directed to file an answer to the complaint.

On December 4, 2007, the defendants filed a Motion to Dismiss for Lack of Jurisdiction. In the motion, the defendants assert that on September 21, 2007, the petitioner was transferred from the Potomac Highlands Regional Jail, to the Mt. Olive Correctional Complex. As the plaintiff is now housed in a WVDOC facility, the defendants assert that this case is moot.

On December 5, 2007, the Court issued a Roseboro Notice advising the plaintiff of his right to file a response to the defendants' motion. A review of the filed reveals that the plaintiff has not filed a reply to the defendants' motion. Accordingly, this case is before the undersigned for a report and recommendation pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

## II. Standard of Review

**A. Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B. Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the

pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. Rule 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### III. Analysis

Article III of the United States Constitution, limits the jurisdiction of the federal courts to

3

cases or controversies. Thus, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996); see also Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir. 1994) (a case becomes moot when the issues presented are no longer live, or when parties lack a cognizable interest in the outcome).

Here, the plaintiff has already received the only relief sought in this case, transfer to a WVDOC facility. In fact, in his administrative requests to Regional Jail officials prior to the filing of this case, the plaintiff specifically requested transfer to Mt. Olive Correctional Complex. See Unmarked Attachments to the Complaint. The plaintiff requests no other relief. Accordingly, there is no longer a live case or controversy for which this Court can grant relief.[1]

## IV.  Recommendation

For the foregoing reason, the undersigned recommends that the defendants' Motion to Dismiss (dckt. 17) be **GRANTED** and this case be **DISMISSED with prejudice**.

Within ten (10) days after being served with a copy of this opinion, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S.

---

[1] The undersigned notes that there are exceptions to the mootness doctrine such as where a case may involve collateral consequences providing a continued significant stake in the outcome, or where a case is capable of repetition but evading review. See Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir. 1994). However, I find that neither of these exceptions apply in this case.

140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record via electronic means.

DATED: April 21, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE